IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BYRON LASTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-341-DWD |
| | ) |
| **PERCY MYERS and WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On November 20, 2024, Plaintiff's Counsel filed a suggestion of death on the record informing the Court that Plaintiff Byron Laster is deceased. (Doc. 88). Accordingly, pursuant to Federal Rule of Civil Procedure 25(a), the Court ordered Plaintiff's Counsel to attempt to identify and effectuate personal service upon Mr. Laster's next of kin. (Doc. 89). On December 23, 2024, Plaintiff's Counsel filed a notice with the Court indicating that Plaintiff's Counsel identified and served one of Plaintiff's daughters, Tiffany Zollicofer, on November 27, 2024. Plaintiff's Counsel further indicated, after conducting an investigation and taking all reasonable steps, Plaintiff's Counsel obtained the names of Plaintiff's other children. Plaintiff's Counsel, however, was only able to obtain contact information with one of those children – a minor. Although Plaintiff's Counsel spoke with the minor and her mother (and sent them a letter), all attempts to serve the Plaintiff's minor child were unsuccessful. Plaintiff's Counsel further indicated that the minor child and her mother appear to lack a fixed residence.

On March 5, 2025, the Court held a status conference. During the status conference, Plaintiff's Counsel confirmed that they have not been able to obtain any further information that would assist in locating Plaintiff's next of kin and have had no further contact with Plaintiff's next of kin. Thus, despite diligent efforts, the only next of kin Counsel has been able to locate and serve is Tiffany Zollicofer.

Federal Rule of Civil Procedure 25(a)(1) contemplates that once a suggestion of death has been filed on the record in a case and served on all proper parties and nonparties, a ninety-day time period for filing a motion for substitution begins. If no such motion is filed, the case must be dismissed. *Id.*

Despite Plaintiff's Counsel's good faith efforts, Counsel has been unable to locate and serve all of Plaintiff's children. Absent any controlling authority to the contrary, the Court finds that Counsel's service efforts were sufficient to discharge Counsel's responsibilities under the Federal Rules of Civil Procedure as to these individuals. The Court further finds that a suggestion of death has been properly filed and served on all parties and *locatable* nonparties.

More than ninety days have elapsed since Ms. Zollicofer, the only locatable nonparty, was served with the suggestion of death and other pertinent documents, and she has not filed a motion for substitution. Accordingly, Rule 25(a)(1) requires that this case be dismissed.

In light of the foregoing, this action is **DISMISSED** without prejudice. The Court **DIRECTS** the Clerk to close the case.

The Court further finds that attorneys William J. Curtis and Deionna E. Ferguson, who were appointed to represent Plaintiff, have fulfilled the purpose of their appointment. Therefore, they are hereby terminated as Plaintiff's counsel of record. The Court thanks Counsel for their excellent service in this case.

Counsel is advised that Reimbursement of *pro bono* counsel for out-of-pocket expenses up to $5,000 may be requested in accord with § 2.6 of the District Court's Plan for the Administration of the District Court Fund. Any motion for reimbursement must be made within 30 days of entry of this Order.

**SO ORDERED.**

Dated: March 5, 2025                          /s *David W. Dugan*
                                              _____
                                              DAVID W. DUGAN
                                              United States District Judge